## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| In re:   Case No. 18-04614 | )<br>) |
| TROY J. KELLY, | )<br>) Bk No. 18-04614 |
| Debtor, | )<br>) |
| THE ILLINOIS DEPARTMENT OF EMPLOYMENT SECURITY, | ) Adv. Pro. No. _____<br>)<br>) |
| Plaintiff, | )<br>) Honorable Pamela S. Hollis |
| TROY J. KELLY, | ) |
| Defendant. | ) |

## VERIFIED COMPLAINT TO DETERMINE
## DISCHARGEABILITY OF DEBT

1. This complaint to determine the dischargeability of a debt in bankruptcy under Sections 523(a)(2)(A) of the Revised Bankruptcy Act (11 U.S.C.A. 523) commences an adversary proceeding within the meaning of Bankruptcy Rule 7001.

2. The above-named debtor has filed with this court a petition under Chapter 7 of the Bankruptcy Code, Case No. 18-04614.

3. Plaintiff is a creditor of the debtor having filed a claim totaling $19,695.00.

4. Plaintiff is a department of the government of the State of Illinois charged with, among other things, the administration of the Illinois Unemployment Insurance Act. 820 ILCS 405/100 (1992) et seq.

5. Plaintiff seeks to have the debt owed to it by the debtor-defendant determined non-dischargeable.

## COUNT I

1. Debtor-defendant obtained from plaintiff unemployment insurance benefits in the amount of $8,337.00 to which he was not entitled by the use of false pretenses and false representations to plaintiff.

2. The false representations referred to in paragraph 1 consisted of debtor-defendant certifying that during the period of January 31, 2009 through June 27, 2009; he was unemployed, earned no wages, and was actively seeking work when in fact he was employed and earned wages from Rumsey Environmental.

3. Debtor-defendant did not report his employment or earnings even though he was aware of his duty to do so.

4. As a result of the above-stated false representations made by debtor-defendant to plaintiff, debtor-defendant received $8,337.00 in unemployment benefits to which he was not entitled.

5. Subsequent investigation undertaken by plaintiff disclosed that, during the aforesaid period, the debtor-defendant had knowingly failed to disclose his employment and earnings from Rumsey Environmental for the purpose of obtaining unemployment benefits to which he was not entitled.

6. On January 10, 2011, an administrative decision was issued by plaintiff determining that the debtor-defendant knowingly failed to disclose his employment and earnings for the purpose of obtaining benefits to which he was not entitled. A copy of said decision is attached hereto and made a part hereof as Exhibit "A."

7. Pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, the debt owed to plaintiff by debtor-defendant is not dischargeable as it is a "debt for obtaining money by false pretenses, a false representation, or actual fraud."

8. Defendant has made payments totaling $2,610.00. The balance due on this Count I is $5,727.00.

## COUNT II

1. Debtor-defendant obtained from plaintiff unemployment insurance benefits in the amount of $9,582.00 to which he was not entitled by the use of false pretenses and false representations to plaintiff.

2. The false representations referred to in paragraph 1 consisted of debtor-defendant certifying that during the period of April 3, 2010 through September 18, 2010, he was unemployed, earned no wages, and was actively seeking work when in fact he was employed and earned wages from Rumsey Environmental.

3. Debtor-defendant did not report his employment or earnings even though he was aware of his duty to do so.

4. As a result of the above-stated false representations made by debtor-defendant to plaintiff, debtor-defendant received $9,582.00 in unemployment benefits to which he was not entitled.

5. Subsequent investigation undertaken by plaintiff disclosed that, during the aforesaid period, the debtor-defendant had knowingly failed to disclose his employment and earnings from Rumsey Environmental, for the purpose of obtaining unemployment benefits to which he was not entitled.

6. On May 31, 2011, an administrative decision was issued by plaintiff determining that the debtor-defendant knowingly failed to disclose his employment and earnings for the purpose of obtaining benefits to which he was not entitled.   A copy of said decision is attached hereto and made a part hereof as Exhibit "B."

7. Pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, the debt owed to plaintiff by debtor-defendant is not dischargeable as it is a "debt for obtaining money by false pretenses, a false representation, or actual fraud."

8. Defendant has made no payments.   Therefore, the balance due for this Count II is $9,582.00.

## COUNT III

1. Debtor-defendant obtained from plaintiff unemployment insurance benefits in the amount of $4,386.00 to which he was not entitled by the use of false pretenses and false representations to plaintiff.

2. The false representations referred to in paragraph 1 consisted of debtor-defendant certifying that during the period of October 2, 2010 through December 25, 2010, he was unemployed, earned no wages, and was actively seeking work when in fact he was employed and earned wages from Rumsey Environmental

3. Debtor-defendant did not report his employment or earnings even though he was aware of his duty to do so.

4. As a result of the above-stated false representations made by debtor-defendant to plaintiff, debtor-defendant received $4,386.00 in unemployment benefits to which he was not entitled.

5. Subsequent investigation undertaken by plaintiff disclosed that, during the aforesaid period, the debtor-defendant had knowingly failed to disclose his employment and earnings from Rumsey Environmental, the purpose of obtaining unemployment benefits to which he was not entitled.

6. On August 13, 2012, an administrative decision was issued by plaintiff determining that the debtor-defendant knowingly failed to disclose his employment and earnings for the purpose of obtaining benefits to which he was not entitled.   A copy of said decision is attached hereto and made a part hereof as Exhibit "C."

7. Pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, the debt owed to plaintiff by debtor-defendant is not dischargeable as it is a "debt for obtaining money by false pretenses, a false representation, or actual fraud."

8. Defendant has made no payments.   Therefore, the balance due for Count III is $4,386.00.

WHEREFORE, plaintiff prays that this court:

a. Set the matter of the dischargeability of the debts owed from debtor-defendant to plaintiff for hearing;

b. Find that said debts in the amount of $19,695.00 are not dischargeable and enter judgment thereon.

c. Grant such other and further relief as this Court deems just.

Respectfully submitted,

LISA MADIGAN
ATTORNEY GENERAL
STATE OF ILLINOIS

By: _____
ANDREW L. DRYJANSKI
Assistant Attorney General

LISA MADIGAN
ATTORNEY GENERAL
STATE OF ILLINOIS
**OF COUNSEL**:
ANDREW L. DRYJANSKI
Assistant Attorney General
33 S. State St. - Suite 992
Chicago, Illinois 60603
(312) 793-6960

## AFFIDAVIT

This affiant, being first duly sworn on oath, deposes and says that he/she is a duly authorized agent of the plaintiff, that as such, he/she has full knowledge of the facts relating to the above complaint and that the facts alleged therein are true.

_____

Subscribed and sworn to before me this

18th day of May, 2018

_____
NOTARY PUBLIC

"OFFICIAL SEAL"
EMI MATSUSHITA
Notary Public, State of Illinois
My Commission Expires 2/9/2022

-5-

```
BEN 275C(1)M 0019 09106
005
                         STATE OF ILLINOIS
                    DEPARTMENT OF EMPLOYMENT SECURITY
                         BENEFIT PAYMENT CONTROL
                              PO BOX 4385
                         CHICAGO, IL 60680-4385
                         FAX:  (312) 793-2356


TROY J KELLY                                    Date:  1/10/11
14619 OLE OAK DR                                SSN:
COALING, AL  35453
```

(ESTE ES UN AVISO IMPORTANTE. SI NO LO ENTIENDE, BUSQUE UN INTERPRETE)

NOTICE OF FRAUD DECISION

This Decision is issued pursuant to Sections 703, 900, 901 and 239/402 of the Illinois Unemployment Insurance Act.

For the weeks shown on the attached Overpayment Detail, you were employed and earned wages while collecting Unemployment Insurance benefits. Information obtained from you, your employer(s), other interested parties and your claim records support these facts.

Wages earned from employment are deductible from Unemployment Insurance benefits. You failed to correctly report your employment and earnings on your Unemployment Insurance claim for the weeks listed on the attached Overpayment Detail sheet.

You knowingly made false statements or failed to disclose material facts for the purposes of receiving these benefits for which you were not eligible.

You did not respond to the "Notice of Audit" dated 12/10/10.

You are overpaid $8,337.00 due to Fraud, as defined in Sections 900 and 901 of the Illinois Unemployment Insurance Act. You must repay this overpayment. This overpayment will not expire and you will not receive any benefits until the overpayment is repaid or recouped in full.

In addition to the fraud overpayment, under Section 901 of the Act, you will be required to serve 26 penalty weeks on any Illinois Unemployment Insurance claim you file within two years from the date of this Decision. You may serve penalty weeks only if you are otherwise eligible, and certify for benefits.

Please mail your payment with the attached transmittal in the enclosed envelope. Make your check or money order payable to the: DIRECTOR OF EMPLOYMENT SECURITY. WRITE YOUR SOCIAL SECURITY NUMBER ON YOUR PAYMENT.

To pay by credit card, enter your complete credit card number, 4 digit expiration date (2 digit month and 2 digit year), amount and signature in the credit card section of the transmittal. The credit card must be issued in your name.

Sincerely,

INVESTIGATIONS UNIT,                    Exhibit A
Benefit Payment Control                    1 of 3
Phone (312) 793-3200                                              F-M

APPEAL RIGHTS: IF YOU DISAGREE WITH THIS DECISION, you must file an appeal in person at your Unemployment Insurance office, by mail or by fax within thirty(30) days of the date of this notice. Appeals submitted by mail must bear a postmark date, or faxed date if submitted by fax, within the applicable time limit for filing. If the last day for filing your appeal is a Saturday or Sunday, or any other day that the office is closed, the appeal may be filed on the next day the office is open. If you file an appeal, a hearing will be held before a Referee who will give you an opportunity to present evidence. You will be notified in advance of the time and location of the hearing. If you file an appeal, continue to certify for benefits as long as you remain unemployed or until you are otherwise instructed.

Exhibit A
2 of 3

NOTICE OF FRAUD DECISION
OVERPAYMENT DETAIL

KELLY                                                                      09106

| WEEK PAID | WAGES REPORTED | WAGES EARNED | EMPLOYER OR CAUSE | BENEFITS PAID | BENEFITS ALLOWED | BENEFITS OVERPAID | DECISION |
|---|---|---|---|---|---|---|---|
| 1/31/09 | .00 | 182.23 | RUMSEY ENVIRONMENTAL | 380.00 | 335.00 | 45.00 | FRAUD |
| 2/07/09 | .00 | 515.72 | RUMSEY ENVIRONMENTAL | 380.00 | 0.00 | 380.00 | FRAUD |
| 2/14/09 | .00 | 653.03 | RUMSEY ENVIRONMENTAL | 380.00 | 0.00 | 380.00 | FRAUD |
| 2/21/09 | .00 | 600.93 | RUMSEY ENVIRONMENTAL | 380.00 | 0.00 | 380.00 | FRAUD |
| 2/28/09 | .00 | 614.02 | RUMSEY ENVIRONMENTAL | 405.00 | 0.00 | 405.00 | FRAUD |
| 3/07/09 | .00 | 644.92 | RUMSEY ENVIRONMENTAL | 405.00 | 0.00 | 405.00 | FRAUD |
| 3/14/09 | .00 | 611.83 | RUMSEY ENVIRONMENTAL | 405.00 | 0.00 | 405.00 | FRAUD |
| 3/21/09 | .00 | 557.12 | RUMSEY ENVIRONMENTAL | 405.00 | 0.00 | 405.00 | FRAUD |
| 3/28/09 | .00 | 497.78 | RUMSEY ENVIRONMENTAL | 405.00 | 0.00 | 405.00 | FRAUD |
| 4/04/09 | .00 | 693.22 | RUMSEY ENVIRONMENTAL | 405.00 | 0.00 | 405.00 | FRAUD |
| 4/11/09 | .00 | 688.10 | RUMSEY ENVIRONMENTAL | 405.00 | 0.00 | 405.00 | FRAUD |
| 4/18/09 | .00 | 599.18 | RUMSEY ENVIRONMENTAL | 405.00 | 0.00 | 405.00 | FRAUD |
| 4/25/09 | .00 | 691.39 | RUMSEY ENVIRONMENTAL | 405.00 | 0.00 | 405.00 | FRAUD |
| 5/02/09 | .00 | 714.78 | RUMSEY ENVIRONMENTAL | 405.00 | 0.00 | 405.00 | FRAUD |
| 5/09/09 | .00 | 547.74 | RUMSEY ENVIRONMENTAL | 405.00 | 0.00 | 405.00 | FRAUD |
| 5/16/09 | .00 | 539.35 | RUMSEY ENVIRONMENTAL | 405.00 | 0.00 | 405.00 | FRAUD |
| 5/23/09 | .00 | 597.23 | RUMSEY ENVIRONMENTAL | 405.00 | 0.00 | 405.00 | FRAUD |
| 5/30/09 | .00 | 582.13 | RUMSEY ENVIRONMENTAL | 405.00 | 0.00 | 405.00 | FRAUD |
| 6/06/09 | .00 | 488.62 | RUMSEY ENVIRONMENTAL | 405.00 | 0.00 | 405.00 | FRAUD |
| 6/13/09 | .00 | 562.64 | RUMSEY ENVIRONMENTAL | 359.00 | 0.00 | 359.00 | FRAUD |
| 6/20/09 | .00 | 526.98 | RUMSEY ENVIRONMENTAL | 359.00 | 0.00 | 359.00 | FRAUD |
| 6/27/09 | .00 | 441.26 | RUMSEY ENVIRONMENTAL | 359.00 | 0.00 | 359.00 | FRAUD |

TOTAL BENEFITS OVERPAID        $8,337.00

Exhibit A
3 of 3

```
BEN 275C(1)M 0019 10206
005                        STATE OF ILLINOIS
                    DEPARTMENT OF EMPLOYMENT SECURITY
                        BENEFIT PAYMENT CONTROL
                             PO BOX 4385
                         CHICAGO, IL 60680-4385
                         FAX:  (312) 793-2356
```

TROY J KELLY                                    Date:   5/31/11
14619 OLE OAK DR
COALING, AL   35453                             CIN:    3919330

(ESTE ES UN AVISO IMPORTANTE. SI NO LO ENTIENDE, BUSQUE UN INTERPRETE)

NOTICE OF FRAUD DECISION

This Decision is issued pursuant to Sections 703, 900, 901 and 239/402 of the Illinois Unemployment Insurance Act.

For the weeks shown on the attached Overpayment Detail, you were employed and earned wages while collecting Unemployment Insurance benefits.  Information obtained from you, your employer(s), other interested parties and your claim records support these facts.

Wages earned from employment are deductible from Unemployment Insurance benefits.  You failed to correctly report your employment and earnings on your Unemployment Insurance claim for the weeks listed on the attached Overpayment Detail sheet.

You knowingly made false statements or failed to disclose material facts for the purposes of receiving these benefits for which you were not eligible.

You did not respond to the "Notice of Audit" dated  4/29/11.

You are overpaid  $9,582.00 due to Fraud, as defined in Sections 900 and 901 of the Illinois Unemployment Insurance Act.  You must repay this overpayment.  This overpayment will not expire and you will not receive any benefits until the overpayment is repaid or recouped in full.

In addition to the fraud overpayment, under Section 901 of the Act, you will be required to serve  0 penalty weeks on any Illinois Unemployment Insurance claim you file within two years from the date of this Decision.  You may serve penalty weeks only if you are otherwise eligible, and certify for benefits.

Please mail your payment with the attached transmittal in the enclosed envelope. Make your check or money order payable to the: DIRECTOR OF EMPLOYMENT SECURITY. WRITE YOUR CLAIMANT IDENTIFICATION NUMBER (CIN FROM ABOVE) ON YOUR PAYMENT.

To pay by credit card, enter your complete credit card number, 4 digit expiration date (2 digit month and 2 digit year), amount and signature in the credit card section of the transmittal. The credit card must be issued in your name.

Sincerely,

INVESTIGATIONS UNIT,
Benefit Payment Control
Phone (312) 793-3200

*[handwritten: Exhibit B  10 of 3]*

F-M

APPEAL RIGHTS: IF YOU DISAGREE WITH THIS DECISION, you must file an appeal in person at your Unemployment Insurance office, by mail or by fax within thirty(30) days of the date of this notice. Appeals submitted by mail must bear a postmark date, or faxed date if submitted by fax, within the applicable time limit for filing. If the last day for filing your appeal is a Saturday or Sunday, or any other day that the office is closed, the appeal may be filed on the next day the office is open. If you file an appeal, a hearing will be held before a Referee who will give you an opportunity to present evidence. You will be notified in advance of the time and location of the hearing. If you file an appeal, continue to certify for benefits as long as you remain unemployed or until you are otherwise instructed.

Exhibit B
2 of 3

NOTICE OF FRAUD DECISION
OVERPAYMENT DETAIL

KELLY                                                              10206 3919330

| WEEK PAID | WAGES REPORTED | WAGES EARNED | EMPLOYER OR CAUSE | BENEFITS PAID | ALLOWED | OVERPAID | DECISION |
|---|---|---|---|---|---|---|---|
| 4/03/10 | .00 | 1222.10 | RUMSEY ENVIRONMENTAL | 359.00 | 0.00 | 359.00 | FRAUD |
| 4/17/10 | .00 | 1222.10 | RUMSEY ENVIRONMENTAL | 359.00 | 0.00 | 359.00 | FRAUD |
| 4/24/10 | .00 | 624.60 | RUMSEY ENVIRONMENTAL | 359.00 | 0.00 | 359.00 | FRAUD |
| 5/01/10 | .00 | 624.60 | RUMSEY ENVIRONMENTAL | 405.00 | 0.00 | 405.00 | FRAUD |
| 5/08/10 | .00 | 512.03 | RUMSEY ENVIRONMENTAL | 405.00 | 0.00 | 405.00 | FRAUD |
| 5/15/10 | .00 | 512.03 | RUMSEY ENVIRONMENTAL | 405.00 | 0.00 | 405.00 | FRAUD |
| 5/22/10 | .00 | 545.77 | RUMSEY ENVIRONMENTAL | 405.00 | 0.00 | 405.00 | FRAUD |
| 5/29/10 | .00 | 545.77 | RUMSEY ENVIRONMENTAL | 405.00 | 0.00 | 405.00 | FRAUD |
| 6/05/10 | .00 | 626.90 | RUMSEY ENVIRONMENTAL | 405.00 | 0.00 | 405.00 | FRAUD |
| 6/12/10 | .00 | 626.90 | RUMSEY ENVIRONMENTAL | 405.00 | 0.00 | 405.00 | FRAUD |
| 6/19/10 | .00 | 487.32 | RUMSEY ENVIRONMENTAL | 405.00 | 0.00 | 405.00 | FRAUD |
| 6/26/10 | .00 | 487.32 | RUMSEY ENVIRONMENTAL | 405.00 | 0.00 | 405.00 | FRAUD |
| 7/03/10 | .00 | 519.56 | RUMSEY ENVIRONMENTAL | 405.00 | 0.00 | 405.00 | FRAUD |
| 7/10/10 | .00 | 519.56 | RUMSEY ENVIRONMENTAL | 405.00 | 0.00 | 405.00 | FRAUD |
| 7/17/10 | .00 | 517.21 | RUMSEY ENVIRONMENTAL | 405.00 | 0.00 | 405.00 | FRAUD |
| 7/24/10 | .00 | 517.21 | RUMSEY ENVIRONMENTAL | 405.00 | 0.00 | 405.00 | FRAUD |
| 7/31/10 | .00 | 442.67 | RUMSEY ENVIRONMENTAL | 405.00 | 0.00 | 405.00 | FRAUD |
| 8/07/10 | .00 | 442.67 | RUMSEY ENVIRONMENTAL | 405.00 | 0.00 | 405.00 | FRAUD |
| 8/14/10 | .00 | 458.33 | RUMSEY ENVIRONMENTAL | 405.00 | 0.00 | 405.00 | FRAUD |
| 8/21/10 | .00 | 458.33 | RUMSEY ENVIRONMENTAL | 405.00 | 0.00 | 405.00 | FRAUD |
| 8/28/10 | .00 | 489.47 | RUMSEY ENVIRONMENTAL | 405.00 | 0.00 | 405.00 | FRAUD |
| 9/04/10 | .00 | 489.47 | RUMSEY ENVIRONMENTAL | 405.00 | 0.00 | 405.00 | FRAUD |
| 9/11/10 | .00 | 441.17 | RUMSEY ENVIRONMENTAL | 405.00 | 0.00 | 405.00 | FRAUD |
| 9/18/10 | .00 | 441.17 | RUMSEY ENVIRONMENTAL | 405.00 | 0.00 | 405.00 | FRAUD |

TOTAL BENEFITS OVERPAID          $9,582.00

Exhibit B
3 of 3

```
BEN 275C(1)M 0019 10406
005
                           STATE OF ILLINOIS
                     DEPARTMENT OF EMPLOYMENT SECURITY
                          BENEFIT PAYMENT CONTROL
                              PO BOX 4385
                           CHICAGO, IL 60680-4385
                          FAX:  (312) 793-2356
```

TROY J KELLY                                         Date:   8/13/12
14619 OLE OAK DR
COALING, AL   35453                                  CIN:    3919330


(ESTE ES UN AVISO IMPORTANTE. SI NO LO ENTIENDE, BUSQUE UN INTERPRETE)

NOTICE OF FRAUD DECISION

This Decision is issued pursuant to Sections 703, 900, 901 and 239/402 of the Illinois Unemployment Insurance Act.

For the weeks shown on the attached Overpayment Detail, you were employed and earned wages while collecting Unemployment Insurance benefits. Information obtained from you, your employer(s), other interested parties and your claim records support these facts.

Wages earned from employment are deductible from Unemployment Insurance benefits. You failed to correctly report your employment and earnings on your Unemployment Insurance claim for the weeks listed on the attached Overpayment Detail sheet.

You knowingly made false statements or failed to disclose material facts for the purposes of receiving these benefits for which you were not eligible.

You did not respond to the "Notice of Audit" dated 7/12/12.

You are overpaid $4,386.00 due to Fraud, as defined in Sections 900 and 901 of the Illinois Unemployment Insurance Act. You must repay this overpayment. This overpayment will not expire and you will not receive any benefits until the overpayment is repaid or recouped in full.

In addition to the fraud overpayment, under Section 901 of the Act, you will be required to serve 0 penalty weeks on any Illinois Unemployment Insurance claim you file within two years from the date of this Decision. You may serve penalty weeks only if you are otherwise eligible, and certify for benefits.

Please mail your payment with the attached transmittal.
Make your check or money order payable to the: DIRECTOR OF EMPLOYMENT SECURITY.
WRITE YOUR CLAIMANT IDENTIFICATION NUMBER (CIN FROM ABOVE) ON YOUR PAYMENT.

To pay by credit card, enter your complete credit card number, 4 digit expiration date (2 digit month and 2 digit year), amount and signature in the credit card section of the transmittal. The credit card must be issued in your name.

Sincerely,

INVESTIGATIONS UNIT,                    Exhibit C
Benefit Payment Control
Phone (800) 814-0513                    1 of 3                          F-M

APPEAL RIGHTS: IF YOU DISAGREE WITH THIS DECISION, you must file an appeal in person at your Unemployment Insurance office, by mail or by fax within thirty(30) days of the date of this notice. Appeals submitted by mail must bear a postmark date, or faxed date if submitted by fax, within the applicable time limit for filing. If the last day for filing your appeal is a Saturday or Sunday, or any other day that the office is closed, the appeal may be filed on the next day the office is open. If you file an appeal, a hearing will be held before a Referee who will give you an opportunity to present evidence. You will be notified in advance of the time and location of the hearing. If you file an appeal, continue to certify for benefits as long as you remain unemployed or until you are otherwise instructed.

Exhibit C
2 of 3

NOTICE OF FRAUD DECISION
OVERPAYMENT DETAIL

KELLY                                                                   10406 3919330

| WEEK PAID | WAGES REPORTED | WAGES EARNED | EMPLOYER OR CAUSE | BENEFITS PAID | ALLOWED | OVERPAID | DECISION |
|---|---|---|---|---|---|---|---|
| 10/02/10 | .00 | 583.63 | RUMSEY ENVIRONMENTAL | 405.00 | 0.00 | 405.00 | FRAUD |
| 10/09/10 | .00 | 583.63 | RUMSEY ENVIRONMENTAL | 405.00 | 0.00 | 405.00 | FRAUD |
| 10/16/10 | .00 | 569.11 | RUMSEY ENVIRONMENTAL | 405.00 | 0.00 | 405.00 | FRAUD |
| 10/23/10 | .00 | 569.11 | RUMSEY ENVIRONMENTAL | 405.00 | 0.00 | 405.00 | FRAUD |
| 10/30/10 | .00 | 560.92 | RUMSEY ENVIRONMENTAL | 405.00 | 0.00 | 405.00 | FRAUD |
| 11/06/10 | .00 | 560.92 | RUMSEY ENVIRONMENTAL | 405.00 | 0.00 | 405.00 | FRAUD |
| 11/20/10 | .00 | 472.65 | RUMSEY ENVIRONMENTAL | 405.00 | 0.00 | 405.00 | FRAUD |
| 11/27/10 | .00 | 472.65 | RUMSEY ENVIRONMENTAL | 405.00 | 0.00 | 405.00 | FRAUD |
| 12/04/10 | .00 | 428.52 | RUMSEY ENVIRONMENTAL | 299.00 | 0.00 | 299.00 | FRAUD |
| 12/11/10 | .00 | 428.52 | RUMSEY ENVIRONMENTAL | 299.00 | 0.00 | 299.00 | FRAUD |
| 12/18/10 | .00 | 487.17 | RUMSEY ENVIRONMENTAL | 274.00 | 0.00 | 274.00 | FRAUD |
| 12/25/10 | .00 | 487.17 | RUMSEY ENVIRONMENTAL | 274.00 | 0.00 | 274.00 | FRAUD |

TOTAL BENEFITS OVERPAID         $4,386.00

Exhibit C
30|3

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| IN RE: ) | |
| TROY J. KELLY, ) | CHAPTER 7 PROCEEDING |
| ) | |
| DEBTOR, ) | CASE NO. 18-04614 |
| ) | |
| ILLINOIS DEPARTMENT OF EMPLOYMENT ) | |
| SECURITY, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | ADVERSARY NO. |
| vs. ) | |
| ) | |
| TROY J. KELLY, ) | JUDGE PAMELA S. HOLLIS |
| ) | |
| DEFENDANT. ) | |

### AFFIDAVIT OF ANDREW L. DRYJANSKI
### <u>REGARDING DEFENDANT'S NON-MILITARY STATUS</u>

**STATE OF ILLINOIS)**
            )SS
**COUNTY OF COOK)**

ANDREW L. DRYJANSKI, being duly sworn, deposes and states:

1. I am an Assistant Attorney General for the Illinois Attorney General's Office and I am duly authorized to submit this Affidavit.

2. This Affidavit is being made in connection with the Complaint to Determine Dischargeability and in accordance with the Servicemembers Civil Relief Act.

3. On May 18, 2018, the Illinois Attorney General's Office received the attached Military Status Report from the U.S. Department of Defense. The report states that the Defendant, TROY J. KELLY, is not currently on active military duty. See Exhibit 1.

4. Based on the report from the Department of Defense, to the best of my knowledge the Defendant is not currently on active military duty and therefore a judgment may be entered against him.

Executed this 18th day of May, 2018.

_____
ANDREW L. DRYJANSKI

SUBSCRIBED AND SWORN before me this 18th day of May 2018.

_____
NOTARY PUBLIC

"OFFICIAL SEAL"
EMI MATSUSHITA
Notary Public, State of Illinois
My Commission Expires 2/9/2022

Department of Defense Manpower Data Center

Results as of : May-18-2018 09:46:37 AM

SCRA 4.4



# Status Report
## Pursuant to Servicemembers Civil Relief Act

| | |
|---|---|
| SSN: | XXX-XX- |
| Birth Date: | |
| Last Name: | KELLY |
| First Name: | TROY |
| Middle Name: | J. |
| Status As Of: | May-18-2018 |
| Certificate ID: | 5LLL4PVM0H3Q8RF |

| On Active Duty On Active Duty Status Date | | | |
|---|---|---|---|
| Active Duty Start Date | Active Duty End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects the individuals' active duty status based on the Active Duty Status Date | | | |

| Left Active Duty Within 367 Days of Active Duty Status Date | | | |
|---|---|---|---|
| Active Duty Start Date | Active Duty End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects where the individual left active duty status within 367 days preceding the Active Duty Status Date | | | |

| The Member or His/Her Unit Was Notified of a Future Call-Up to Active Duty on Active Duty Status Date | | | |
|---|---|---|---|
| Order Notification Start Date | Order Notification End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects whether the individual or his/her unit has received early notification to report for active duty | | | |

Upon searching the data banks of the Department of Defense Manpower Data Center, based on the information that you provided, the above is the status of the individual on the active duty status date as to all branches of the Uniformed Services (Army, Navy, Marine Corps, Air Force, NOAA, Public Health, and Coast Guard). This status includes information on a Servicemember or his/her unit receiving notification of future orders to report for Active Duty.

*Michael V. Sorrento*

Michael V. Sorrento, Director
Department of Defense - Manpower Data Center
400 Gigling Rd.
Seaside, CA  93955

Exhibit 1
10/2

The Defense Manpower Data Center (DMDC) is an organization of the Department of Defense (DoD) that maintains the Defense Enrollment and Eligibility Reporting System (DEERS) database which is the official source of data on eligibility for military medical care and other eligibility systems.

The DoD strongly supports the enforcement of the Servicemembers Civil Relief Act (50 USC App. ? 501 et seq, as amended) (SCRA) (formerly known as the Soldiers' and Sailors' Civil Relief Act of 1940). DMDC has issued hundreds of thousands of "does not possess any information indicating that the individual is currently on active duty" responses, and has experienced only a small error rate. In the event the individual referenced above, or any family member, friend, or representative asserts in any manner that the individual was on active duty for the active duty status date, or is otherwise entitled to the protections of the SCRA, you are strongly encouraged to obtain further verification of the person's status by contacting that person's Service. Service contact information can be found on the SCRA website's FAQ page (Q33) via this URL: https://scra.dmdc.osd.mil/faq.xhtml#Q33. If you have evidence the person was on active duty for the active duty status date and you fail to obtain this additional Service verification, punitive provisions of the SCRA may be invoked against you. See 50 USC App. ? 521(c).

This response reflects the following information: (1) The individual's Active Duty status on the Active Duty Status Date (2) Whether the individual left Active Duty status within 367 days preceding the Active Duty Status Date (3) Whether the individual or his/her unit received early notification to report for active duty on the Active Duty Status Date.

## More information on "Active Duty Status"

Active duty status as reported in this certificate is defined in accordance with 10 USC ? 101(d) (1). Prior to 2010 only some of the active duty periods less than 30 consecutive days in length were available. In the case of a member of the National Guard, this includes service under a call to active service authorized by the President or the Secretary of Defense under 32 USC ? 502(f) for purposes of responding to a national emergency declared by the President and supported by Federal funds. All Active Guard Reserve (AGR) members must be assigned against an authorized mobilization position in the unit they support. This includes Navy Training and Administration of the Reserves (TARs), Marine Corps Active Reserve (ARs) and Coast Guard Reserve Program Administrator (RPAs). Active Duty status also applies to a Uniformed Service member who is an active duty commissioned officer of the U.S. Public Health Service or the National Oceanic and Atmospheric Administration (NOAA Commissioned Corps).

## Coverage Under the SCRA is Broader in Some Cases

Coverage under the SCRA is broader in some cases and includes some categories of persons on active duty for purposes of the SCRA who would not be reported as on Active Duty under this certificate. SCRA protections are for Title 10 and Title 14 active duty records for all the Uniformed Services periods. Title 32 periods of Active Duty are not covered by SCRA, as defined in accordance with 10 USC ? 101(d)(1).

Many times orders are amended to extend the period of active duty, which would extend SCRA protections. Persons seeking to rely on this website certification should check to make sure the orders on which SCRA protections are based have not been amended to extend the inclusive dates of service. Furthermore, some protections of the SCRA may extend to persons who have received orders to report for active duty or to be inducted, but who have not actually begun active duty or actually reported for induction. The Last Date on Active Duty entry is important because a number of protections of the SCRA extend beyond the last dates of active duty.

Those who could rely on this certificate are urged to seek qualified legal counsel to ensure that all rights guaranteed to Service members under the SCRA are protected

WARNING: This certificate was provided based on a last name, SSN/date of birth, and active duty status date provided by the requester. Providing erroneous information will cause an erroneous certificate to be provided.

Exhibit 1
20 of 2